843 P.2d 1268

**In the Matter of a Member of the State Bar of Arizona, James M. RICE, Respondent.**

No. SB–92–0069–D.

Comm. Nos. 89–1453, 89–1694, 89–1874 and 90–0009.

Supreme Court of Arizona,
Before the Disciplinary Commission.

Dec. 15, 1992.

John F. Gordon, Phoenix, for respondent.

Robert Swartz and Yigael M. Cohen, Bar Co–Counsel, and Harriet Turney, Chief Bar Counsel, Phoenix, for the State Bar of Arizona.

## JUDGMENT AND ORDER OF CENSURE & RESTITUTION

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that JAMES M. RICE, a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that JAMES M. RICE shall pay restitution in the following amounts to the following individuals:

Client K. Smith—$100.00

Client Koneski —$105.15

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against JAMES M. RICE for costs incurred by the State Bar of Arizona in the amount of $1,316.97, together with interest at the legal rate from the date of this judgment.

/s/ Noel K. Dessaint
NOEL K. DESSAINT
Clerk of the Court

EXHIBIT A

BEFORE THE DISCIPLINARY COMMISSION

OF THE

SUPREME COURT OF ARIZONA

In the Matter of

JAMES M. RICE,

a Member of the State

Bar of Arizona, RESPONDENT.

Comm. Nos. 89–1410, 89–1453, 89–1694, 89–1874, 90–0009, and 90–1150

DISCIPLINARY COMMISSION REPORT

This matter came before the Disciplinary Commission of the Supreme Court of Ari-

zona on September 12, 1992, for review of the record on appeal pursuant to Rule 53(d), R.Ariz.Sup.Ct. The Commission considered the hearing committee's recommendation of approval of the agreement for discipline by consent providing for censure, probation, and restitution.

### Decision

After review of the record on appeal, the Commission, by a vote of eight aye,[1] adopts the committee's recommendation of acceptance of the agreement for discipline by consent, and orders that Respondent be censured; placed on probation for a period of one year, under the terms and conditions set forth herein; and that he make restitution to two of his former clients, as detailed below. The Commission also unanimously adopts as its findings of fact and conclusions of law the Tender of Admissions set forth in the agreement for discipline by consent.

### Facts

The complaint contains six counts (a seventh count concerns prior discipline). Each allegation is the result of the sloppy office procedures which resulted from the mismanagement that ensued when Respondent's law practice underwent a period of rapid expansion in both size and area of practice. During this period of expansion, from Fall 1988 to Fall 1990, the firm's representation of at least one client was terminated without adequate notice; another client was not kept reasonably informed about his case despite his reasonable and frequent requests for information; billing errors occurred; office personnel refused to route messages to attorneys within the firm; a client was re-assigned to three different attorneys without notice to that client and without his approval; and court deadlines were missed. This conduct was the result of Respondent's inability to adequately supervise his staff once his practice expanded.

Two of the six counts, Count Two and Count Four, are dismissed, as set forth in the agreement for discipline by consent.

Respondent has conditionally admitted that his conduct in the remaining counts violated ER 1.4, ER 1.16, ER 5.1, and ER 5.3.

### Discussion of Decision

In determining the sanction appropriate for this misconduct, the Commission considered the American Bar Association's *Standards for Imposing Lawyer Sanctions*.

The Theoretical Framework to the *Standards*, p. 5–6, states that "being a member of a profession has meant ... the members of the community give the professional the power to make decisions for them"; accordingly, "lawyers owe duties to the legal profession." Among those duties are properly "accepting, declining, or terminating representation" and "maintaining the integrity of the profession." Standard 7.3 provides for reprimand (censure in Arizona) when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.

Respondent violated this duty in Count One, when an associate under Respondent's supervision terminated the firm's representation of a client without adequate notice, allowing the client insufficient time to retain other counsel. Respondent was unable to keep up with the demands of managing an expanded practice, and the result was his negligent failure to ensure that his associates complied with the Rules of Professional Conduct.

Respondent also violated this duty in Counts Three, Five, and Six when he failed to adequately supervise his staff to ensure that clients received the correct billing; that clients were dealt with in a cooperative manner by his staff; that clients were notified of a change of the attorney assigned to

---

**1.** Commissioner Bossé did not participate in    these proceedings.

their case; and that clients were represented at hearings.

Standard 4.4 considers lack of diligence. Standard 4.43 provides for reprimand (censure in Arizona) when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client. Standard 4.42 provides for suspension when the injury or potential injury results from the lawyer's knowing failure to perform services for a client. In Count Three, Respondent failed to keep a client informed about the status of a case, despite the client's repeated reasonable requests for information. The Commission believes this is a case of negligence rather than knowing failure to communicate; it is another indication of Respondent's inability to keep abreast of his rapidly expanded law practice.

Standard 9.22 lists factors in aggravation which should be considered in determining the appropriate sanction. The Commission found "multiple offenses" as the only aggravating factor.[2]

The Commission found five factors present in mitigation, as listed in Standard 9.32. Respondent had no dishonest or selfish motive, he has made full and free disclosure to the disciplinary board and has shown a cooperative attitude toward the proceedings, and he has exhibited remorse. Standard 9.32 also lists "timely good faith effort to make restitution ..." as a mitigating factor. In the Addendum to Joint Memorandum in Support of Agreement for Discipline by Consent re: Restitution, Respondent has indicated his willingness to make restitution where appropriate. Additionally, Respondent voluntarily requested the services of LOMAP consultant Tom Clark to audit his practice, and has implemented many of Mr. Clark's suggestions in the interests of interim rehabilitation.

Of particular note is that Respondent is now a sole practitioner, with few employees to manage, and has ceased practice in the areas of contested domestic relations, contested bankruptcies, and workers' compensation. The Commission believes that these changes will prevent future misconduct of a similar nature.

After considering the facts, the Standards, and the numerous mitigating factors—which greatly outweigh the single factor in aggravation—the Commission believes that censure is appropriate.

Additionally, the restitution agreed to in the Addendum to Joint Memorandum is appropriate. Regarding Count Three, Respondent shall make restitution to his client in the amount of $100, which represents a refund of the fee for reaffirmation, which was not handled properly. Regarding Count Five, Respondent shall make restitution to his client in the amount of $105.15, which represents a partial refund of the amount of the flat fee apportioned to a missed court appearance, travel time, and costs.

The Commission also agrees that a period of probation is suitable in these circumstances. Probation shall be for a period of one year, under the following terms and conditions:

1. State Bar Counsel, Robert Swartz, or his designee, shall be the State Bar Supervising Officer. During the term of probation, if substantiated new allegations of misconduct are brought to the attention of the State Bar Supervising Officer, said allegations resulting in a finding of probable cause, then Respon-

---

**2.** Although at first glance it may appear that the numerous counts against Respondent indicate a "pattern of misconduct," as listed in Standard 9.22, the Commission does not believe that factor applies here. The fact that all of the misconduct arose from the same circumstance precludes this conclusion. In addition, the Commission notes that Respondent himself did not engage in each instance of misconduct; rather, the multiple counts result from the conduct of employees under Respondent's supervision.

The Commission also considered the fact that Standard 9.22 lists "prior disciplinary history" as a factor in aggravation. Respondent was informally reprimanded in 1991. However, not only was the reprimand issued subsequent to the conduct at issue here, but the conduct giving rise to that reprimand also occurred subsequent to the instant conduct; therefore, the Commission did not consider it a "prior disciplinary action" for these purposes.

dent, after reasonable notice, will submit to an additional audit of his practice, similar to that which resulted in the report dated May 15, 1991, conducted by the State Bar's LOMAP consultant, Tom Clark. This audit shall be at Respondent's expense.

2. Respondent will notify the State Bar if he hires an associate attorney or begins to practice in the areas of law from which he has voluntarily withdrawn.

3. This probationary term may be renewable for one year at the discretion of the Commission if recommended by the State Bar's Supervising Officer.

Respondent shall also pay all costs and expenses incurred in the disciplinary process.

RESPECTFULLY SUBMITTED this 4th day of November, 1992.

/s/ Raymond W. Brown
Raymond W. Brown, Chair
Disciplinary Commission